IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALISHA ALEJANDRO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA VISION CENTER, | : | |
| et al. | : | NO. 17-3304 |

MEMORANDUM

Bartle, J.                                                        September 21, 2017

        This is an action brought under the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2, the Clayton Antitrust Act, 15 U.S.C. §§ 15 and 16 and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, et seq.

        Plaintiff, Alisha Alejandro, originally filed this lawsuit in the Court of Common Pleas of Philadelphia County against three defendants, Philadelphia Vision Center ("PVC"), Bruce Rubin, and Louisa C. Gaiter Johnson, O.D. Thereafter defendant Johnson removed the action to this court. Now pending is plaintiff's motion to remand to the state court on the ground that all defendants did not timely consent to removal.

        The action was initiated in the state court with a writ of summons. A complaint was subsequently filed, and service was made on all defendants on July 5, 2017. Defendant Johnson timely filed a Notice of Removal on July 25, 2017. The other two defendants, PVC and Rubin, who are represented by the

same attorney, did not file a Notice of Removal or a consent or joinder at that time. However, on August 1, 2017, they moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In that motion, PVC and Rubin stated, "On July 25, 2017, defendant, Dr. Johnson, filed her notice of removal. Defendants Philadelphia Vision Center and Bruce Rubin did not object to the removal of the matter to this court." Plaintiff's motion to remand followed on August 15, 2017. One day later, on August 16, 2017, PVC and Rubin filed a "Confirmation of Consent to Removal."

Under 28 U.S.C. § 1441, a civil action such as this where the district court has original jurisdiction may be removed from the state court to the federal court. Removal must occur "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief[.]"[1] 28 U.S.C. § 1446(b)(1). In addition, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The window for joinder or consent of each defendant is thirty days after receipt by or service of the complaint on that defendant. See 28 U.S.C. § 1446(b)(2)(B). Under § 1447(c), the plaintiff has thirty days after the filing

---

1. There is a second requirement under § 1446(b)(1) which is not relevant here.

-2-

of the Notice of Removal to move to remand the action to the state court on the basis of any procedural defect in the removal process. A motion to remand that is grounded in lack of subject matter jurisdiction may be made at any time before final judgment. Id.

It is well established that all defendants, with exceptions not relevant here, must timely consent to or join in the removal of an action for removal to be effective. Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995); Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). Each defendant must sign another defendant's Notice of Removal, file its own Notice of Removal, or file a written consent to, or joinder in the original Notice of Removal.[2] Landman v. Borough of Bristol, 896 F.Supp. 406, 409 (E.D. Pa. 1995).

One defendant may not speak for another defendant when filing a Notice of Removal. Id. Defendant A, for example, cannot give its consent to removal by authorizing defendant B, who is filing the Notice of Removal, to say that defendant A consents without the defendant A or defendant A's attorney actually signing the Notice of Removal. Green v. Target Stores, Inc., 305 F.Supp. 2d 448, 449 (E.D. Pa. 2004). Nor may consent

---

2. Failure of all defendants to consent to removal can be waived since such a defect is not jurisdictional. In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 451 (3d Cir. 2000). However, plaintiff has filed a timely motion to remand and thus has not waived any defect.

be established by attaching a letter of consent from one defendant to another defendant's Notice of Removal. Morganti v. Armstrong Blum Mfg. Co., 2001 WL 283135 at *2 (E.D. Pa. March 19, 2001). Furthermore, the mere entry of appearance of defendant's attorney or the mere filing of an answer or a motion to dismiss by that defendant in the federal court does not constitute consent. See McGuire v. Safeware, Inc., 2013 WL 5272767 at *3 (E.D. Pa. Sept. 17, 2013). As stated in Morganti, all defendants must "expressly, officially and unambiguously consent to join in a notice of removal to federal court." Morganti, 2001 WL 283135 at *4.

The question before the court is whether the statement of PVC and Rubin about removal in their August 1, 2017 motion to dismiss the complaint constitutes the filing of consent to remove this action to the federal court. PVC and Rubin simply wrote in their motion to dismiss that they "did not object" to the removal of this action to the court when Johnson filed her Notice of Removal on July 25, 2017. An expression of no objection to an act of another party does not mean consent to or joinder in what that other party is doing. It is at best an ambiguous signal that cannot meet the requirement of an affirmative written consent to removal as required under § 1446(a) and as articulated in the case law.

The removal statute must be strictly construed in favor of state court jurisdiction. See Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). PVC and Rubin did not expressly, officially and unambiguously consent to remove this action to the federal court in a timely manner. Their words in their August 1, 2017 motion to dismiss that they "did not object" to Johnson's removal will not suffice. Recognizing the deficiency, they belatedly docketed a "Confirmation of Consent to Removal" but not until August 16, 2017, a day after plaintiff filed her motion to remand.[3] Defendants' consent comes too late since it occurred more than thirty days after July 5, 2017 when defendants were served with the complaint. See 28 U.S.C. § 1446(b)(2)(B).

Accordingly, since all defendants did not timely consent to removal, this action will be remanded to the Court of Common Pleas of Philadelphia County.

---

3. In the Confirmation of Consent to Removal, the attorney for PVC and Rubin stated in paragraph 5, "Defendant's [sic] attorney was prepared to file Consent to Removal with the Court [in late July] but deemed it unnecessary because the matter was already removed to this Court." His understanding of the law is incorrect.